UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



March 2, 2021

Stephen F. Shea, Esq.
8730 Georgia Avenue, Suite B100
Silver Spring, MD 20910

Jamie Dixon, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd., Room 617
Baltimore, MD 21235

Subject:  *Jeffrey B. v. Saul*
Civil No. GLS 20-1090

Dear Counsel:

Pending before this Court are cross-motions for summary judgment. (ECF Nos. 9, 10). The Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I. **BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on October 13, 2017, alleging that disability began on March 23, 2017. (Tr. 14). This claim was initially denied on November 28, 2017, and upon reconsideration, denied again on April 11, 2018. (*Id.*). Plaintiff's request for a hearing was granted and the hearing was conducted on August 13, 2019, by an Administrative Law Judge ("ALJ"). (*Id.*). On September 26, 2019 the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 22-23). On April 1, 2020, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1).

## II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determines whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertains whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., the most the claimant could do despite their limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered from "the following severe impairments: arthropathy, degenerative joint disease, status post (s/p) sesamoidectomy, lumbar degenerative disc disease (DDD) with steroid injections and chronic regional pain syndrome." (Tr. 16). Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b), but with the following limitations:

> [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently . . . can sit for six hours out of an eight hour workday . . . can stand and/or walk for two hours out of an eight hour workday, . . . should have no negotiation of ladders, ropes, or scaffolds . . . can occasionally negotiate ramps and stairs . . . can occasionally balance, stoop, kneel, crouch or crawl . . . can use a cane for ambulation . . . [and] will need a ten-minute break every two hours and requires a sit and/or stand option one minute in place

>     every hour and will be off task twelve percent of the workday and miss ten days in a year.

(Tr. at 17).  At the hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same age, education, and work experience as the Plaintiff with his RFC could perform Plaintiff's prior work as a cable repairer, material handler, or truck driver. (*Id.* at 81-82). The VE testified that this hypothetical individual would not be able to perform Plaintiff's past work. (*Id.* at 82).  The ALJ ultimately determined that Plaintiff was not disabled, because he could perform other work existing in the national economy, e.g., as a document preparer, a lens inserter, and an order clerk (Tr. 22, 82).

## III.  DISCUSSION

In requesting summary judgement, Plaintiff contends that the ALJ:  (1) erroneously assessed Plaintiff's RFC by failing to set forth a narrative discussion explaining how the evidence supported each conclusion; (2) improperly evaluated pertinent medical opinion evidence from Plaintiff's treating physician; and (3) erroneously evaluated the Plaintiff's subjective complaints of pain and swelling in his right foot. (ECF No. 9-1, pp. 5, 8, 9-10).  I find persuasive Plaintiff's argument regarding the ALJ's failure to set forth a narrative discussion explaining how the evidence supported each conclusion in Plaintiff's RFC assessment.  Accordingly, I find that remand is appropriate, for the reasons set forth below.

Plaintiff argues that the ALJ failed to provide an explanation — citing to specific medical evidence and non-medical opinion evidence — to support his findings that Plaintiff:  (1) required a "sit or stand" option of one minute per hour; (2) required a ten-minute break every two hours; (3) would be "off task" for twelve percent of an eight-hour workday; and (4) "would . . . miss ten days in a year."[1] (ECF No. 9-1, p. 5).  In response, the SSA contends that the ALJ "thoroughly evaluated the medical evidence of record" and considered Plaintiff's subjective statements as well as the opinion evidence in the record. Thus, the ALJ's decision is supported by substantial evidence. (ECF No. 10-1, p. 10).

The Fourth Circuit requires an ALJ's findings regarding a claimant's RFC to be "accompanied by a 'narrative discussion describing the evidence' that supports it." *Dowling v. Comm'r, Soc. Sec. Admin.,* 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citing *Thomas v. Berryhill*, 961 F.3d 307, 311 (4th Cir. 2019).  Put differently, the ALJ "must provide 'a narrative discussion describing how the evidence supports each conclusion.'" *Berryhill*, 916 F.3d at 311. A proper RFC narrative consists of:  "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Dowling*, 986 F.3d at 388 (citation omitted).  In her narrative discussion, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citation omitted).  Furthermore, an ALJ's logical explanation is just as important as the other two

---

[1] The ALJ did not explain the meaning of his last limitation; i.e.,that Plaintiff "would miss ten days in a year."

*Jeffrey B. v. Saul*
Civil No. GLS 20-1090
March 2, 2021
Page 4

components of the RFC analysis. *Rosalind M. v. Saul*, Civ. No. GLS 19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020).

  *Dowling v. Comm'r Soc. Sec. Admin.*, is instructive. In *Dowling*, the Fourth Circuit remanded the case back to the ALJ where the ALJ failed to properly assess the claimant's RFC, namely, where the ALJ did not appear to have performed the function-by-function analysis required under the Social Security regulations. 986 F.3d at 388-89 (citing 20 C.F.R. § 416.945). Specifically, the ALJ failed to provide a separate analysis for his conclusion that the claimant had no sitting limitations, and instead attempted to group it with his analysis of her other functional limitations. *Id.* at 388. The ALJ never explicitly discussed the extent of the claimant's sitting limitation and only mentioned it "when rattling off a laundry list of her many impairments and functional restrictions." *Id.* Thus, *Dowling* stands for the proposition that where an ALJ finds multiple RFC limitations, each one must be accompanied by a narrative discussion with a separate analysis citing specific evidence that explains how it supports each of the ALJ's conclusions. *Id.*

  Here, the ALJ included the following limitations in Plaintiff's RFC determination, noting that Plaintiff: (1) could sit for six hours out of an eight hour work day and stand and/or walk for two hours out of an eight hour workday; (2) would require a ten minute break every two hours; (3) would be off task twelve percent of the workday; and (4) "will . . . miss ten days in a year." (Tr. at 17). The ALJ's first conclusion — that Plaintiff requires a "sit or stand" option — is the ALJ's only finding that is explicitly supported by record evidence. (Tr. 19-20). The ALJ relied on: (a) the State Agency Consultant's finding that claimant can "sit for six hours out of an eight-hour workday;" and (b) the opinion of Dr. Robustiano Barrera, Plaintiff's primary care physician, that Plaintiff can "sit, stand and/or walk for less than two hours in an eight-hour workday" to support this limitation. (Tr. 19-20; 72). Thus, the ALJ sufficiently supported his analysis of Plaintiff's ability to sit or stand with specific evidence relevant to that functional limitation.

  As for the other three limitations identified by the ALJ in Plaintiff's RFC assessment, I find that the ALJ relied upon the same evidence used to support Plaintiff's "sit or stand" limitation, and that the ALJ failed to explain how that evidence supports Plaintiff's remaining limitations. (Tr. 19-20). Thus, as set forth below, I find that the record reflects that the ALJ only mentioned the Plaintiff's three remaining functional limitations when "rattling off a laundry list" of the evidence he relied upon to support his first finding. (Tr. 20). *Compare* 986 F.3d at 388.

  The second RFC limitation requires Plaintiff to take a ten-minute break every two hours. (Tr. 20). However, the ALJ failed to build an "accurate and logical bridge" between the evidence and his conclusion; the ALJ did not directly cite to any evidence in support of this limitation. The ALJ's determination here is analogous to what an ALJ found in *Fisher v. Comm'r., Soc. Sec. Admin.*, Civ. No. SAG 17-3165, 2018 WL 3348858, at *3 (D. Md. July 9, 2018). In *Fisher*, the ALJ determined that the claimant required a series of three-minute breaks each hour, yet, the ALJ "provided no support or explanation" for how the evidence supported the "extremely specific conclusion" regarding the Plaintiff's breaks. 2018 WL 3348858, at *3. In this case, without further explanation, I am unable to ascertain how the ALJ assessed Plaintiff's need for a ten-minute break every two hours.

Regarding the RFC limitation that Plaintiff would be "off task" twelve percent of the workday, I find that the ALJ failed to fashion a "logical bridge" between the evidence and his determination. The ALJ failed to explain how the evidence that he relied upon to support Plaintiff's "sit or stand" limitation also supports the conclusion that Plaintiff will be expected to be "off task" for twelve percent of the workday. The lack of any explanation as to how the ALJ calculated this percentage is significant because "a one percent increase could preclude competitive employment." *Petry v. Comm'r., Soc. Sec. Admin.*, Civil No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. February 21, 2017) (citing *Schlossnagle v. Colvin*, 2016 WL 4077672, at *4 (D. Md. Aug. 1, 2016) (remanding where the ALJ failed to explain how the evidence supported the ALJ's conclusion that Plaintiff would be "off task" ten percent of the time)).

Finally, the ALJ's fourth finding that Plaintiff "will . . . miss ten days in a year" lacks sufficient analysis for the Court to review this conclusion meaningfully. This case is similar to *Deborah P. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG 18-1850, 2019 WL 1936721, at *2 (D. Md. Apr. 30, 2019). In *Deborah P.*, the ALJ determined that the claimant "must be allowed to miss ten days of scheduled work per year" but failed to provide a logical bridge between the claimant's limitations and that conclusion. Civ. No. SAG 18-1850, 2019 WL 1936721, at *2 (D. Md. Apr. 30, 2019). Here, the ALJ offered no explanation for his conclusion that Plaintiff would miss ten days of work a year. Because the ALJ failed to provide any analysis as to how he reached this conclusion, I am unable to determine whether substantial evidence exists to support his finding.

In sum, the ALJ improperly grouped his analysis of three RFC limitations with his analysis of the first RFC limitation running afoul of *Dowling*. Accordingly, remand is warranted. On remand, the ALJ should provide a proper narrative discussion on how the evidence supports each RFC determination, and build an accurate and logical bridge from the evidence to each conclusion.

Given that this case is being remanded on other grounds, this Court will not address Plaintiff's other contentions that the ALJ improperly evaluated pertinent medical opinion evidence from Plaintiff's treating physician and erroneously evaluated Plaintiff's subjective complaints. On remand, the ALJ should review his analysis as to the same. Despite remanding this case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 9), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 10), is DENIED. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk of the Court is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Jeffrey B. v. Saul*
Civil No. GLS 20-1090
March 2, 2021
Page 6

Sincerely,

/s/

The Honorable Gina L. Simms
United States Magistrate Judge